IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

RICHARD PERCEFULL                                                                                         PLAINTIFF

       v.                            Civil No. 6:11-cv-06079

LIEUTENANT BAILY, Malvern Police Department;
RICHARD A. GARRETT, Chief Deputy Prosecuting
Attorney; GREGORY CRAIN, Public Defender;
SHERIFF CHAD LEDBETTER, Hot Spring County;
MAYOR NORTHCUT, Malvern, Arkansas; CHIRS
CLAGLAKER, Mayor, Camden, Arkansas; EDDY R.
EASLEY, Prosecuting Attorney, Malvern, Arkansas;
DEPUTY HALL, Malvern Police Department;
PHILLIP H. SHIRRON, Circuit Judge, Hot Spring County;
WILLIAM O'KEEF, Chief of Police, Camden, Arkansas;
and DONNIE TALER, Chief of Police, Malvern, Arkansas                      DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

      This is a civil rights action filed by the Plaintiff, Richard Percefull, pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Robert T. Dawson, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

      The case is before me for a determination of whether Plaintiff should be granted *in forma pauperis* (IFP) status and whether service of process should issue. For the reasons stated below, it is my recommendation that the application to proceed IFP be denied and the complaint be dismissed.

**1. Background**

      According to the allegations of the complaint, the Defendants, and others, conspired together to plant evidence of marijuana drug manufacturing that was used to arrest and prosecute the Plaintiff. Specifically, on July 15, 2009, Plaintiff alleges that Lieutenant Bailey, accompanied by an informant, traveled forty miles out of his jurisdiction to 204 Camp Road in Bismark, Arkansas, where a marijuana

growing operation was discovered. At the time, Plaintiff alleges he was living in O'Brien, Florida. He also maintains that he did not own the property in question.

Both at a pretrial hearing and at his trial, Plaintiff maintains false testimony was presented. Plaintiff also alleges the prosecuting attorney, the Defendants, and the presiding judge knew Plaintiff was innocent of the charges against him and acted improperly in a number of ways which resulted in Plaintiff's conviction. Further, Plaintiff maintains his attorney, Gregory Crain: failed to challenge, or object to, false, inaccurate, or misleading testmony; failed to obtain necessary documentation; refused to subpoena Plaintiff's doctor or medical records; and refused to present any evidence of the fact that Plaintiff was a strong advocate against drugs.

According to Plaintiff, the entire conspiracy was brought about in retaliation for his having won a lawsuit against Chris Claybaker. Plaintiff maintains he was falsely arrested, charged, convicted and imprisoned. During the process he alleges his reputation was slandered and he suffered emotional distress. As relief, Plaintiff asks for damages in the amount of $17,253,886.

**2. Discussion**

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any complaint in which the Plaintiff seeks to proceed *in forma pauperis* (IFP). Section 1915(e)(2)(B)(i-iii) provides that on review, the court "shall dismiss the case at any time if the court determines that . . . the action or appeal–(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

The claims are clearly subject to dismissal as they are frivolous, fail to state claims upon which relief may be granted, are not presently cognizable, or are against individuals immune from suit. First, no claim is stated against the Defendants with respect to their alleged perjured testimony. Witnesses at criminal proceedings are entitled to absolute immunity. *Briscoe v. LaHue*, 460 U.S. 325 (1983)(A witness at trial has absolute immunity from suit under § 1983 for giving false testimony damaging to a subject of that testimony).

Second, Plaintiff's claims that he was wrongfully convicted are not presently cognizable. In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87. Plaintiff's conviction has not been reversed, set aside, or otherwise held to be invalid.

Third, Plaintiff may not seek relief in the form of the reversal of his conviction in a civil rights case under § 1983. Section 1983 cannot be utilized to challenge the fact or duration of confinement. *See Preiser v. Rodriguez,* 411 U.S. 475, 489-90 (habeas corpus is exclusive remedy for state prisoner who challenges fact or duration of his confinement and seeks immediate or speedier release).

Fourth, "defamation, per se, is not actionable under section 1983." *Underwood v. Pritchard*, 638 F.2d 60, 62 (8th Cir. 1981). *See also Wade v. Goodwin*, 843 F.2d 1150, 1152 (8th Cir. 1988)(A cause of action for damage to character or reputation is not cognizable under § 1983). The Supreme Court has held that a person's interest in his reputation is not considered liberty or property protected by the due process clause. *Paul v. Davis*, 424 U.S. 693 (1976). Thus, "regardless of whom a plaintiff chooses to sue, section 1983 does not address an alleged injury to reputation." *Idema v. Wager*, 120 F. Supp. 2d 361, 371 (S.D.N.Y. 2000), *aff'd* 29 Fed. Appx. 676 (2d Cir. 2002).

Fifth, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court stated:

> The Constitution does not guarantee that only the guilty will be arrested. If it did, § 1983 would provide a cause of action for every defendant acquitted-indeed, for every suspect released. Nor are the manifold procedural protections afforded criminal defendants under the Bill of Rights "without limits." *Patterson v. New York*, 432 U.S. 197, 208, 97 S.Ct. 2319, 2326, 53 L.Ed.2d 281 (1977). "Due process does not require that every conceivable step be taken, at whatever cost, to eliminate the possibility of convicting an innocent person." *Ibid.*

> The Fourteenth Amendment does not protect against all deprivations of liberty. It protects only against deprivations of liberty accomplished "without due process of law." A reasonable division of functions between law enforcement officers, committing magistrates, and judicial officers-all of whom may be potential defendants in a § 1983 action-is entirely consistent with "due process of law." Given the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence, whether the claim is based on mistaken identity or a defense such as lack of requisite intent. Nor is the official charged with maintaining custody of the accused named in the warrant required by the Constitution to perform an error-free investigation of such a claim. The ultimate determination of such claims of innocence is placed in the hands of the judge and the jury

*Baker*, 443 U.S. at 145-46.

Sixth, the "Constitution does not mention malicious prosecution nor do[es Plaintiff] cite a basis for a federal action for malicious prosecution." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001). The Eighth Circuit has "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Id.*

Seventh, Richard Garrett and Eddy Easley, the prosecuting attorneys, are immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity). Based on the allegations of the complaint, it is clear the prosecuting attorneys are entitled to absolute immunity.

*See also Brodnicki v. City of Omaha*, 75 F.3d 1261 (8th Cir. 1996)(County prosecutors were entitled to absolute immunity from suit).

Eighth, Judge Shirron is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."); *see also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

Ninth, Gregory Crain, a public defender, is not subject to suit under § 1983. A § 1983 complaint must allege that each defendant, acting under color of state law, deprived plaintiff of "rights, privileges or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. *DuBose v. Kelly*, 187 F.3d 999 (8th Cir. 1999). Crain was not acting under color of state law while representing Plaintiff in his criminal proceeding. *Polk County v. Dodson*, 454 U.S. 312, 318 (1981) (public defender does not act under color of state law when performing traditional functions as counsel).

Finally, it is noted that Plaintiff filed a second lawsuit regarding these same events, *Percefull v. Claybaker, et al.,* Case 6:12-cv-06040. The claims were dismissed on August 1, 2012, as they were frivolous, fail to state claims on which relief could be granted, or were not cognizable. That case is presently on appeal.

### 3. Conclusion

Accordingly, I recommend that the motion to proceed IFP (Doc. 1) be denied and the Complaint be dismissed as the claims asserted are frivolous, fail to state claims upon which relief may be granted, or are against individuals immune from suit. 28 U.S.C. § 1915(e)(2)(B)(i-ii).

**Plaintiff has fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 19th day of April 2013.

/s/ Barry A. Bryant  
HON. BARRY A. BRYANT  
UNITED STATES MAGISTRATE JUDGE